UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-297 (DSD/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S POSITION WITH** |
| | ) **RESPECT TO SENTENCING** |
| MARK ALLEN ISHAM, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, John R. Marti, Acting United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Mark Allen Isham. As set forth below, the factors of 18 U.S.C. § 3553(a) support a sentence within the calculated Guidelines range, and the government respectfully requests that the Court impose a sentence of 37 to 46 months imprisonment.

## INTRODUCTION

On December 3, 2012, a grand jury sitting in the District of Minnesota returned a single count Indictment charging the defendant Mark Allen Isham with Domestic Assault by an Habitual Offender, in violation of Title 18, United States Code, Sections 117 and 1151, for an incident occurring on August 22, 2012, on the Bois Forte Indian Reservation. On April 29, 2013, the defendant pled guilty to the sole count of Domestic Assault by an Habitual Offender.

I.      Offense Conduct

On August 22, 2012, the defendant entered the residence of C.K. on the Bois Forte Indian Reservation without permission. Presentence Investigation Report ("PSR"), ¶ 7. While inside, the defendant took C.K.'s keys and cellular telephone, and C.K. attempted to stop the defendant from taking the items. Id. The defendant assaulted C.K. by kicking her, pulling her hair, shoving her, and throwing her to the floor. Id. at ¶¶ 7-8. As a result of the assault, C.K. suffered bruises to arms, shoulders, and legs, and had sections of hair pulled out. PSR, ¶ 8. The entire assault occurred in front of the children that C.K. and the defendant have in common. Id.

II.     Prior Criminal Conduct

The defendant has a significant history of domestic violence and drinking-related offenses. At least three prior domestic-violence related offenses involved the same victim, C.K. Outlined below are the state and tribal court domestic violence-related convictions that may receive consideration pursuant to U.S.S.G. §§ 4A1.1, 4A1.2, and 4A1.3 barring time limitations and the location of the offense (foreign or tribal offense) and that enhance the August 22, 2012 incident. The criminal convictions in bold represent the domestic violence-related convictions involving C.K.

    a.      Inflict Corporal Injury on Spouse – Superior Court of California

On September 26, 1997, the defendant assaulted his girlfriend while living in Lake County, California. PSR, ¶ 32. The defendant threw a fan at his girlfriend, grabbed her

hair, threw her on to the bed, and struck her in the mouth with his fist. Id. According to police reports, the defendant also threatened his girlfriend with a knife. Id.

After being charged for the incident, the defendant pled guilty on December 22, 1997, and was placed on probation. Id. Subsequently, the defendant violated probation two times during the term of probation. Id.

    b.    **Misdemeanor Domestic Abuse and Resisting Arrest – Bois Forte Tribal Court**

On December 14, 2003, the defendant assaulted C.K. while they were living with their small child in an apartment on the Bois Forte Indian Reservation. PSR, ¶ 39. When officers attempted to arrest the defendant, the defendant resisted arrest by kicking at the officers. Id.

After his arrest for domestic abuse, the defendant pled guilty in Bois Forte Tribal Court and was placed on probation for one year. Id.

    c.    **Misdemeanor Domestic Assault – St. Louis County**

On February 6, 2005, the defendant assaulted C.K. while they were living off the Bois Forte Indian Reservation in St. Louis County, Minnesota. PSR, ¶ 34. During the course of the investigation, law enforcement observed several bruises on C.K. Id.

As a result of this incident, the defendant pled guilty to Misdemeanor Domestic Assault and served 90 days in jail. Id.

d. **Misdemeanor Domestic Abuse (Violation of OFP) – Bois Forte Tribal Court**

On February 23, 2006, the defendant violated an Order for Protection in the favor of C.K. and her two young children by returning to C.K.'s residence. PSR, ¶ 40.

The defendant pled guilty to the offense in Bois Forte Tribal Court and 90 days jail was suspended after serving 14 days jail. Id.

e. **Misdemeanor Domestic Abuse – Bois Forte Tribal Court**

On March 23, 2008, the defendant and C.K. verbally argued at C.K.'s residence on the Bois Forte Indian Reservation. PSR, ¶ 41. During the course of the argument, C.K. called her mother to the home because she did not feel safe. Id. When C.K.'s mother arrived, the defendant shoved C.K.'s mother causing her to fall and sustain a laceration to the side of her head. Id.

The defendant was arrested at the time of incident. Subsequently, the defendant no contest to the charge of Domestic Abuse and one year jail was stayed for one year. Id.

f. **Misdemeanor Domestic Abuse (2 Counts) and Criminal Conduct – Bois Forte Tribal Court**

On June 27, 2010, the defendant assaulted C.K. while they were both drinking. PSR, ¶ 43. Further, police reports reflect that the defendant forcibly pulled C.K. from a car and dragged her up the stairs of their residence on the Bois Forte Indian Reservation. Id. As a result of the assault, C.K. suffered significant bruising about her body. Id.

The defendant pled guilty in Bois Forte Tribal Court to all three charges. The defendant was sentenced to one year in jail with six months suspended. Id.

g.  **Domestic Violence and/or Harassment – Bois Forte Tribal Court**

On July 3, 2010, the defendant assaulted C.K. by striking her face and kicking her. PSR, ¶ 44. As a result of the assault, C.K. suffered bruising about her body. Id. When the defendant was arrested for the incident, the defendant damaged the Bois Forte Police Department squad car. Id.

The defendant pled guilty in Bois Forte Tribal Court and was sentenced to two consecutive years in jail. Id. The defendant was eligible for release after serving one year in custody. Id.

## SENTENCING GUIDELINES CALCULATION

When sentencing a defendant, the Court must determine what constitutes a sufficient sentence as guided by the factors set forth in Title 18, United States Code, Section 3553(a). As such, the district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). And, although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process." Gall, 552 U.S. at 50 n.6. Here, the PSR correctly determined that the total offense level, after consideration of acceptance of responsibility, is 19. PSR, ¶ 26. Further, given the extensive record of state convictions for domestic violence and alcohol-related offenses, the PSR correctly calculated that the defendant's criminal history category is III. PSR, ¶ 36. Accordingly, based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range is 37-36 months imprisonment. PSR, ¶ 68. The government

5

respectfully requests that the Court adopt the guidelines calculations and Guidelines range contemplated in the PSR as its own when making a sentencing determination. And, after consideration of the factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court impose a sentence within that Guidelines range.

### **SECTION 3553(a) SENTENCING FACTORS**

In addition to considering the Guidelines, Section 3553(a) requires the court to analyze a number of other factors, including the nature of the circumstances of the offense; the history and circumstances of the defendant; the need to protect the public from further crimes of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

In this matter, considering all of the sentencing factors, the government respectfully submits that a sentence of 37-46 months is appropriate for this defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

Here, the crime is not particularly complicated – the defendant committed an act of domestic violence after having previously been adjudicated guilty in state or tribal

court on at least two prior occasions. As outlined above in the Prior Criminal Conduct section, the defendant has a lengthy history of domestic violence-related offenses. Since 2004, the beginning of the defendant's relationship with C.K., the defendant has six prior convictions of domestic violence involving C.K. The defendant has regularly and repeated committed acts of violence against C.K. during the course of their relationship, whether or not in the presence of their children and whether or not intoxicated.

Despite the defendant's apologetic letter in the PSR, the defendant's criminal history reflects a man that runs his relationships with others by his own rules. Further, in the PSR, the defendant notes that he has not drank since 2012. However, the defendant has been in custody since November 2012. Although commendable, the defendant's period of sobriety and treatment has occurred in a controlled environment – the halfway house. And, during this period of sobriety, the defendant admitted taking non-prescribed medication in April 2013. Although the defendant has made strides in his sobriety, the defendant's prior record of domestic violence and the nature of the current offense outweigh his efforts at sobriety.

After review of the circumstances of this offense and the defendant's criminal history and characteristics, including a period of sobriety, punishment and general deterrence must outweigh any other characteristic of the defendant. Accordingly, after consideration of all the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is an appropriate sentence.

## CONCLUSION

For the reasons outlined above, the government respectfully requests and recommends that the Court impose a sentence of 37-46 months imprisonment. This sentence is reasonable as guided by the factors outlined in 18 U.S.C. § 3553(a).

Dated: October 7, 2013

Respectfully Submitted,

JOHN R. MARTI
Acting United States Attorney

s/Deidre Y. Aanstad

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney Id No. 0331788